TRANSFER TAX—PROPERTY SUBJECT.
> Where a resident decedent had pledged her stock as collateral to a loan, and the executor paid the loan and redeemed the stock, it is presently taxable as part of her estate.

In the matter of the transfer tax on the estate of Fanny H. Hurcomb. From an order assessing the same the comptroller appeals. Reversed.

Edward G. Whitaker, for executrix.
Edward H. Fallows, for comptroller.

FITZGERALD, S. Decedent was a resident of this state. At the time of her death she was indebted to the Hamilton Bank of this

city in the sum of $2,000, the bank holding, as collateral security therefor, shares of capital stock of the market value of $24,000. Prior to the institution of the tax proceeding the executor redeemed the stock by paying the loan with interest. The appraiser omitted from the taxable estate appraised the value of said shares. From the order entered accordingly this appeal is taken by the comptroller. The appraiser and the counsel for the executrix rely upon the Pullman Case, 46 App. Div. 574, 62 N. Y. Supp. 395. That case, however, instead of being an authority to sustain the order, is a precedent for its reversal. In the Pullman Case it appeared that the transaction remained in the same state at the time of the appraisal as at the time of death, that the security had not been resorted to by the pledgee, nor had the personal representative paid the loan and redeemed the collateral. This circumstance is expressly referred to in the opinion of Justice Patterson, for he says:

"These securities are liable to be resorted to by the creditors. In pledge the title to them is in the pledgee, and they are not in a situation to be taxed now as property of the estate of Mr. Pullman. All of their amount may be required to pay the debts to which these bonds and stocks are collateral, and the creditor's security should not be diminished at this time."

The question of residence or nonresidence of the decedent would make no difference, for in the Pullman Case the assets of the nonresident decedent which were referred to in the opinion were bonds actually located in this state and stocks of domestic corporations, so that they were taxable assets, independent of residence. While the debt secured by the pledge of collateral is unliquidated, and the extent of the equity is unascertainable, as was the case in Re Pullman's Estate, it may be well that the taxation of any equity therein would be postponed until the transaction had been completed and the value of the decedent's interest therein determined. But after the transaction had been closed, and the interest of the estate therein fixed by redemption of the collateral,—to paraphrase the language of Justice Patterson,—those securities are no longer liable to be resorted to by creditors; the title to them has reverted to the estate of the pledgor, and they are in a situation to be taxed as property of the estate. They can no longer be required to pay the debts to which they were pledged as collateral, and there is no longer a necessity for protecting the creditor's security, his relation to the matter having terminated. The appeal is sustained, and the matter remitted to the appraiser for a new report accordingly.

Appeal sustained, and matter remitted to appraiser for new report.